# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| DONALD J. SOCOBASIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-105-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the bases that the administrative law judge erred in (i) failing to find a severe impairment of post-traumatic stress disorder ("PTSD") and (ii) improperly rejecting the opinion of a treating source, Paul Sobchuk, Ph.D. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 7) at 1-5. On the basis of the first point of error, I recommend that the decision of the commissioner be vacated and the case remanded for further development. I need not reach the second point of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had a severe impairment of status post motorcycle accident with right foot pain, Finding 2, Record at 9; that he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that he was limited to only occasional climbing of ramps, stairs, ladders, ropes, and scaffolds, Finding 4, *id*. at 10; that, considering his age (50 years old, defined as an individual closely approaching advanced age, on the date his application was filed), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id*. at 11-12; and that he, therefore, was not disabled at any time since October 14, 2008, the date that his application was filed, Finding 10, *id*. at 12. The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The

record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

The record contains three expert assessments of the plaintiff's mental impairments and/or capacities: (i) a report dated April 30, 2009, in which, following a mental status examination and intelligence testing, Disability Determination Services ("DDS") consulting examiner Edward Quinn, Ph.D., provisionally diagnosed the plaintiff with a learning disorder, NOS [not otherwise specified], a cognitive disorder, NOS, and PTSD, and stated that he might have some mild difficulties interacting with others and with stressors, *see* Record at 187, (ii) a Psychiatric Review Technique Form ("PRTF") completed on June 25, 2009, by DDS nonexamining expert Scott W. Hoch, Ph.D., in which Dr. Hoch found no medically determinable mental impairment because of the provisional diagnoses, *see id.* at 201, and (iii) a PRTF completed on March 31, 2010, by Dr. Sobchuk indicating that, as a result of confidently diagnosed PTSD, the plaintiff had moderate restriction of activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace, and had suffered one or two episodes of decompensation, each of extended duration, *see id.* at 225, 227, 229. No mental health expert was present at the plaintiff's hearing, held on July 29, 2010. *See id.* at 16.

The administrative law judge observed that Dr. Sobchuk was "of the opinion that the [plaintiff] is better off working within his limits and tolerances" and stated that she found his opinion of marked impairments inconsistent with his office notes and with the evidence as a whole. *Id.* at 9-10. She concluded: "As the [plaintiff] receives only supportive counseling and

requires no psychotropic medications, any mental health diagnosis is not considered severe with no more than mildly restricted activities of daily living, social functioning, and concentration and persistence." *Id*. at 10.

She declined to afford great weight to Dr. Quinn's opinion on the basis that his conclusions were "not entirely consistent with his own recounting of the [plaintiff's] abilities" or "consistent with the record as a whole." *Id*.[2]

As the plaintiff points out, *see* Statement of Errors at 4, the finding that the provision of only supportive counseling and the lack of psychotropic medications rendered any mental impairment suffered by the plaintiff non-severe is unsupported by any evidence of record. No expert psychologist or psychiatrist reviewed the treatment notes or the PRTF of Dr. Sobchuk and concluded, despite those records, that the plaintiff had no medically determinable mental impairment or that any such impairment was non-severe.

At oral argument, counsel for the commissioner cited *Albors v. Secretary of Health & Human Servs*., 817 F.2d 146 (1st Cir. 1986), for the proposition that a lack of medication, or the taking of minimal medication, may support a finding of a non-severe impairment, and Social Security Ruling 96-7p ("SSR 96-7p"), for the proposition that, in assessing a claimant's credibility, it is appropriate to take into account medication usage. Neither *Albors* nor SSR 96-7p supplies the missing support for the administrative law judge's conclusion.

---

[2] At oral argument, counsel for the commissioner contended that the administrative law judge relied in part on Dr. Quinn's report, which supported a finding of the non-severity of the plaintiff's mental condition. Yet, counsel acknowledged that the administrative law judge's discussion of the weight afforded to the Quinn opinion is facially contradictory: "The undersigned finds Dr. Quinn's conclusions to be not entirely consistent with his own recounting of the [plaintiff's] abilities, nor is this opinion consistent with the record as a whole. Although considered, Dr. Quinn's opinion will be be [sic] afforded great weight." Record at 10 (citation omitted). I think it fairly apparent, in context, that the administrative law judge meant to state in the final sentence of the quoted passage that the Quinn opinion would *not* be afforded great weight.

4

In *Albors*, the court found that the fact that the claimant took nothing stronger than aspirin for a physical condition, osteoarthritis, supported the administrative law judge's rejection of his claims of disabling pain. *See Albors*, 817 F.2d at 147. It is hardly self-evident that the regular counseling sessions in which the plaintiff engaged with Dr. Sobchuk commencing on September 8, 2009, *see* Record at 215, 229, are the equivalent in the mental health context of taking nothing stronger than aspirin for physical pain. Moreover, unlike in *Albors*, the administrative law judge found the assertedly minimal treatment inconsistent with a *de minimis* finding of severity, not a claim of disability. *See id*. at 9-10. SSR 96-7p is inapposite. It bears on the assessment of credibility, not the assessment of the severity of impairments. *See* SSR 96-7p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011), at 133. The administrative law judge did not rely on a credibility assessment in deeming the plaintiff's mental impairment non-severe. *See* Record at 9-10. In any event, nothing in that ruling indicates that the provision of only supportive counseling signals the non-severity of a mental impairment.

At oral argument, counsel for the commissioner further argued that the administrative law judge could make a common sense judgment of the non-severity of the plaintiff's mental impairment based on Dr. Quinn's report, which reflected a mental ability to perform work activities apart from some possible mild difficulties interacting with others and possible mild difficulties with stressors, *see id*. at 187, and Dr. Sobchuk's own notes, which reflected that he planned to treat the plaintiff conservatively, deemed his condition to be improving, and encouraged him to find work, *see id*. at 230-32, 235. *See also, e.g., Gordils v. Secretary of Health & Human Servs*., 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on

5

medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record"). Yet, as the plaintiff's counsel rejoined, the administrative law judge seemingly did not rely on the Quinn report, *see* Record at 9-10, and Dr. Sobchuk's notes fairly can be construed, in context, as encouraging the plaintiff to find part-time work, not affirmatively indicating that he had the mental capacity to perform full-time work, *see id*. at 235.

Counsel for the commissioner next contended that, in any event, the plaintiff's mental impairment did not meet the so-called 12-month duration requirement, given that Dr. Sobchuk's PRTF opinion, by its terms, pertained only to the period from September 8, 2009, to March 31, 2010. *See id*. at 215, 227. The administrative law judge made no finding regarding the duration requirement, *see id*. at 9-10, which provides that, "[u]nless [a claimant's] impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909. Accordingly, this argument implicates *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), which states, in relevant part:

> [A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery*, 332 U.S. at 196.

Nonetheless, an exception to the *Chenery* rule exists when a remand "will amount to no more than an empty exercise" because, for example, "application of the correct legal standard could lead to only one conclusion[.]" *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) (citation and internal quotation marks omitted). *See also, e.g., Mayfield v. Nicholson*, 444 F.3d 1328, 1336 (Fed. Cir. 2006) (describing *Chenery* doctrine as "inapplicable if there is no

6

room for the agency to exercise its discretion with respect to [the] issue in question"; "If the outcome of a remand is foreordained, we need not order one."); *Little Co. of Mary Hosp. & Health Care Ctrs. v. Shalala*, 24 F.3d 984, 992 (7th Cir. 1994) ("[W]e recognized an exception to *Chenery* where it is clear what the agency's decision has to be.") (citation and internal quotation marks omitted).

Dr. Sobchuk's PRTF necessarily covered less than one year's period because, as of the time that he penned that document, he had been treating the plaintiff for less than one year. *See* Record at 229. Nonetheless, in view of Dr. Quinn's provisional diagnosis of PTSD on April 30, 2009, *see id*. at 184, 187, and Dr. Sobchuk's continuing treatment of the plaintiff for that condition as late as July 20, 2010, *see id*. at 253, approximately one week prior to his hearing, *see id*. at 18, it is not foreordained that, on remand, a fact-finder necessarily would conclude that the plaintiff's PTSD neither lasted, nor was *expected to last*, for a continuous period of at least 12 months, *see* 20 C.F.R. § 416.909.

Counsel for the commissioner finally argued that, even assuming *arguendo* that the administrative law judge erred in failing to find a severe PTSD impairment, any such error was harmless because she supportably rejected Dr. Sobchuk's assessment of marked impairments. *See Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.").

Yet, if the administrative law judge had found the plaintiff's mental impairment severe and then supportably rejected Dr. Sobchuk's opinion concerning resulting functional limitations, the record would have been devoid of any expert opinion regarding functional limitations

7

imposed by the plaintiff's mental impairment. While Dr. Quinn addressed the plaintiff's functional capacities, his report is not an RFC opinion *per se*: he did not clarify how the plaintiff's potential mild difficulties with social functioning and dealing with stressors might impact his ability to work. *See* Record at 187. In any event, the administrative law judge seemingly did not rely on the Quinn report. *See id*. at 9-10. The determination of the plaintiff's mental RFC, in the absence of an expert opinion on that subject matter, would have exceeded the administrative law judge's competence as a layperson. *See, e.g., Gordils*, 921 F.2d at 329. The administrative law judge's error in determining the plaintiff's mental impairment non-severe accordingly was not harmless.

Reversal and remand accordingly are required for proper analysis of whether the plaintiff has a severe mental impairment and continuation of the sequential evaluation process.

## Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge